IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul Timothy Davenport, ) | Civil Action No. 6:12-cv-02064-JMC-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Michelin North America, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 7] and Plaintiff's motion for leave to file an amended complaint [Doc. 21].[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases, including cases under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and submit findings and recommendations to the District Court.

Plaintiff filed this action on July 23, 2012, alleging three causes of action: (1) "Americans with Disabilities Act – Discrimination"; (2) "Americans with Disabilities Act – Refusal to Provide Reasonable Accommodations"; and (3) "Americans with Disabilities Act – Violation of the Business Necessity Standard." [Doc. 1.] On August 31, 2012, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), arguing Plaintiff's third

---

[1] In his response in opposition to Defendant's motion, Plaintiff included a request for alternative relief—leave to file an amended complaint—if the Court concludes Defendant's motion should be granted because the Complaint is factually insufficient. [Doc. 13 at 5.] For ease of reference and ruling, the Clerk of Court docketed Plaintiff's response brief as two separate entries, Docket Entry Numbers 13 and 21, where Docket Entry Number 13 is Plaintiff's response in opposition to Defendant's motion to dismiss and Docket Entry Number 21 is Plaintiff's motion for leave to file an amended complaint.

cause of action should be dismissed. [Doc. 7.] On September 17, 2012, Plaintiff filed a response in opposition or, alternatively, a motion to amend the Complaint. [Docs. 13, 21.] Defendant filed a reply on September 27, 2012, which also addressed Plaintiff's motion for leave to amend. [Doc. 14.] Accordingly, the motions are now ripe for review.

## **BACKGROUND**[2]

Plaintiff began working for Defendant in 1989. [Doc. 1 ¶ 9.] On June 30, 2010, Plaintiff suffered a work-related neck and back injury, but he did not miss work at that time. [*Id.* ¶ 10.] In September 2010, Plaintiff injured his shoulder at home, aggravating his previous neck and back injury and rendering him unable to work. [*Id.*] On September 10, 2010, Plaintiff began a one year, approved medical leave of absence.[3] [*Id.* ¶ 11.]

In January 2011, Plaintiff had surgery on his injured shoulder. [*Id.* ¶ 12.] In June 2011, he learned he had a cancerous tumor in his kidney, and he underwent kidney surgery on July 25, 2011. [*Id.* ¶ 13.] Plaintiff received short term and then long term disability benefits while he was recovering from his shoulder and kidney surgeries. [*Id.*]

On January 11, 2011, Dr. Michael Reing, who diagnosed Plaintiff's back and neck injuries, reviewed Plaintiff's job description and issued a statement that Plaintiff had no limitations and was capable of heavy duty work, with an estimated return to work date of

---

[2] Because for purposes of a motion to dismiss the Court must accept as true Plaintiff's well-pleaded allegations, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), the following background is a recitation of the facts as alleged by Plaintiff in his Complaint.

[3] Thus, Plaintiff's approved leave of absence ended September 9, 2011. [Doc. 1 ¶ 11.]

January 27, 2011. [*Id.* ¶¶ 16–17.] However, Plaintiff did not return to work on January 27, 2011 because he was then receiving treatment for his shoulder injury. [*Id.* ¶ 19.]

On August 10, 2011, Dr. Pierce, who performed Plaintiff's shoulder surgery, released Plaintiff to return to full duty. [*Id.* ¶ 20.] Dr. Despradel, Plaintiff's kidney doctor, released Plaintiff to return to work on September 5, 2011. [*Id.* ¶ 23.] On September 8, 2011, Dr. Loudermilk, who was treating Plaintiff for the pain associated with his shoulder injury, issued a written statement that Plaintiff could return to work full duty with no restrictions.[4] [*Id.* ¶ 21.] Thus, Plaintiff was released to return to work by all of his treating physicians before his one year of approved medical leave expired. [*Id.* ¶¶ 15, 24.]

On August 31, 2011, Dr. Walker, Defendant's company doctor, told Plaintiff that despite Plaintiff being released to return to work without restrictions by all of his treating physicians, Dr. Walker was going to require Plaintiff to do a three week program of "work hardening," and Dr. Walker placed new lifting restrictions on Plaintiff. [*Id.* ¶ 25.] The program prescribed by Dr. Walker kept Plaintiff out of work an additional three weeks, putting him over his one year leave of absence. [*See id.* ¶ 26.] Defendant has a policy that an employee can be terminated if the employee is absent from work for more than one year. [*Id.* ¶ 14.] Plaintiff was terminated on September 12, 2011 pursuant to Defendant's absence policy. [*Id.* ¶ 27.]

---

[4] In June 2011, Dr. Loudermilk released Plaintiff to return to work, but Plaintiff could not return to work at that time because of his kidney diagnosis and surgery. [Doc. 1 ¶ 22.] Therefore, in September 2011, Plaintiff requested a second return to work note from Dr. Loudermilk. [*Id.*]

## APPLICABLE LAW

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 555 (2007) (alteration in original) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *E. Shore Mkts.,*

4

*Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

### **DISCUSSION**

Defendant contends Plaintiff's third cause of action is subject to dismissal because Plaintiff has not and cannot plead a cause of action under the ADA for an alleged violation of the business necessity standard. [Docs. 7-1, 14.] Defendant contends it had a good faith belief that a fitness-for-duty examination was necessary and reasonable upon Plaintiff's return to work and such examination is reasonable under the ADA. [Doc. 7-1 at 4–5.] Plaintiff argues the "Complaint alleges Defendant's examination was conducted based on assumptions instead of facts, was unauthorized, exceeded Defendant's rights, and was conducted in bad faith," which "provide[s] fair notice to Defendant of Plaintiff's claims and meet[s] the required pleading standard." [Doc. 13 at 3.] The Court agrees the Complaint adequately alleges a cause of action for violation of the business necessity standard.

Under the ADA, "[a] covered entity shall not require a medical examination . . . as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination . . . is shown to be job-related and consistent with

5

business necessity." 42 U.S.C. § 12112(d)(4)(A). Thus, employers may "make inquiries or require medical examinations (fitness for duty exams) when there is a need to determine whether an employee is still able to perform the essential functions of his or her job." 29 C.F.R. Pt. 1630, App. § 1630.14(c). Employers may also "require medical examinations necessary to the reasonable accommodation process described in [29 C.F.R. Part 1630]." *Id.*

"The ADA's requirement that an [examination] be consistent with business necessity is an objective one. That is, even a 'good faith' mandatory medical examination by an employer may nevertheless give rise to liability if the court determines that the examination was unwarranted." *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 518 (3d Cir. 2001). For an examination to be lawful under the ADA, the "employer must prove: (i) 'that the asserted "business necessity" is vital to the business,' (ii) 'that the examination . . . genuinely serves the asserted business necessity,' and (iii) 'that the request is no broader or more intrusive than necessary.'" *Blake v. Baltimore Cnty., Md.*, 662 F. Supp. 2d 417, 422 (D. Md. 2009) (quoting *Conroy v. N.Y. State Dep't of Corr. Serv.*, 333 F.3d 88, 97–98 (2d Cir. 2003)); *see also Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1183 (9th Cir. 1999) (holding § 12112(d)(4)(A) "places the burden on the covered entity . . . to make the requisite showing" that the examination is job-related and consistent with business necessity, which is a factual determination).

Here, Plaintiff has pled sufficient allegations to support his claim that Defendant violated § 12112(d)(4)(A). First, Plaintiff's Complaint supports the reasonable inference

6

that Defendant required Plaintiff to undergo a medical examination to determine his fitness to return to work. [*See* Doc. 1 ¶ 25 (stating that, ten days prior to the expiration of his medical leave of absence, Defendant's company doctor required Plaintiff to do a three week "work hardening" program and placed new lifting restrictions on Plaintiff).] Second, Plaintiff's allegations support a claim that the examination was not job-related and/or consistent with business necessity. For example, Plaintiff alleges Dr. Walker placed additional restrictions on Plaintiff even though his treating physicians released him to return to work. [*Id.*] Additionally, Plaintiff alleges Dr. Walker's restrictions necessarily delayed Plaintiff's return to work before his one year of approved medical leave expired, which led to Plaintiff's termination. [*Id.* ¶¶ 26–27.] These allegations sufficiently state a claim that the medical examination by Dr. Walker was not consistent with business necessity. Thus, the Court concludes Plaintiff has alleged sufficient factual matter that, if true, would entitle him to relief pursuant to § 12112(d)(4)(A), and therefore, Defendant's motion to dismiss should be denied.[5]

---

[5] The Court has also considered the sufficiency of Plaintiff's allegations under the framework given by the Supreme Court in *Twombly* and developed in *Iqbal*, which requires that a court begin its analysis by noting the elements a plaintiff must plead to state the claim raised by the plaintiff in that case and then analyze whether the plaintiff's complaint was sufficient to state the claim. *See Iqbal*, 129 S. Ct. at 1947, 1950–52. Here, to establish that Defendant violated § 12112(d)(4)(A), Plaintiff must demonstrate Defendant required him to undergo a medical examination that was not job-related and/or was not consistent with business necessity. Plaintiff has alleged his treating physicians released him to return to work before his one year of approved medical leave expired. [Doc. 1 ¶¶ 11 (stating his one year of approved medical leave expired on September 9, 2011), 24 (stating all of Plaintiff's treating physicians released him to return to work by September 5, 2011).] Plaintiff has also alleged he saw a company doctor, who placed additional restrictions on Plaintiff that lengthened Plaintiff's absence from work beyond his one year of approved medical leave. [*Id.* ¶ 25 (stating that, on August 31, 2011, Dr. Walker required Plaintiff to complete a three week "work hardening" program).] Finally, Plaintiff has alleged Defendant has a policy permitting an employee to be terminated if the employee is absent from work for more than one year and that he was terminated pursuant to that policy after his leave had expired because Dr. Walker had prescribed additional medical treatment. [*Id.* ¶¶ 14 (describing Defendant's termination policy), 27 (stating Plaintiff was terminated on September 12, 2011 pursuant to the termination policy because Dr. Walker prescribed additional treatment).] As the Court cannot consider at this

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendant's motion to dismiss [Doc. 7] be DENIED and (2) Plaintiff's motion for leave to file an amended complaint [Doc. 21] be DENIED.

IT IS SO RECOMMENDED.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

October 25, 2012
Greenville, South Carolina

---

stage of the proceedings any defense Defendant may assert, *see Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152–54 (1908) (discussing the "well-pleaded complaint rule" and stating, "'The rule is a reasonable and just one that the complainant in the first instance shall be confined to a statement of its cause of action, leaving to the defendant to set up in his answer what his defense is'" (quoting *Boston & Mont. Consol. Copper & Silver Mining Co. v. Mont. Ore Purchasing Co.*, 188 U.S. 632 (1903))), the Court concludes these allegations are sufficient to "nudge[] [Plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because the allegations plausibly suggest (1) Defendant required Plaintiff to undergo a medical examination and (2) the medical examination and/or additional medical treatment required by Dr. Walker was not job-related and/or was not consistent with business necessity.